1

2

3

4

5

6        IN THE UNITED STATES DISTRICT COURT FOR THE

7              EASTERN DISTRICT OF CALIFORNIA

8

9    EDWARD D. BULLIS,                    )    1:09-CV-1558  AWI GSA
                                          )
10                     Plaintiff,         )    ORDER VACATING THE
     v.                                   )    OCTOBER 13, 2009 HEARING,
11                                        )    and ORDER ON
     LULETTE LIPUMANO-SANCHEZ,            )    DEFENDANTS' RULE 12(b)(1)
12   D.D.S., and UNITED HEALTH            )    MOTION TO DISMISS
     CENTERS,                             )
13                                        )    (Doc. No. 4)
                       Defendants.        )
14   _____)

15

16

17        Currently set for hearing on October 13, 2009, is Defendants' Rule 12(b)(1) motion to

18   dismiss.  Pursuant to Local Rule 78-230(c), Plaintiff was required to file either an opposition or a

19   notice of non-opposition no later than September 29, 2009.  Plaintiff failed to do so.  As such,

20   Plaintiff is in violation of the Local Rules.  See 78-230(c).  Plaintiff is not entitled to be heard at

21   oral argument in opposition to the motion.  See 78-230(c).  After reviewing the papers, the Court

22   has determined that a hearing is unnecessary.  The Court will vacate the hearing and instead issue

23   this order that resolves the motion and this case.

24

25                              **BACKGROUND**

26        Plaintiff filed suit in July 2009 and essentially alleged medical negligence arising out of

27   dental treatment he received from Dr. Lipumano-Sanchez at United Health Centers.

28        On September 2, 2009, the United States Attorney certified that Dr. Lipumano-Sanchez

     was at all relevant times working within the course and scope of her employment with United

1  Health Centers.  See Court's Docket Doc. No. 1 at Exhibit B.  The United States Attorney also

2  certified that United Health Centers is a grantee of the United States Department of Health and

3  Human Services ("HHS").  See id.  Defendants are therefore covered by the Federal Tort Claims

4  Act (28 U.S.C. §§ 1346, 2401, & 2671-5680) ("FTCA") through operation of the Federally

5  Supported Health Centers Assistance Act (42 U.S.C. § 233).  See id.  The declaration states that

6  the United States is substituted for Dr. Lipumano-Sanchez and United Health Centers.  See id.

7  Also on September 2, the United States removed the action to this Court pursuant to 28 U.S.C.

8  §§ 1442, 2679(d).

9          On September 9, 2009, Defendants moved to dismiss the complaint for lack of subject

10  matter jurisdiction under Rule 12(b)(1).  Defendants argue that Plaintiff did not file an

11  administrative claim with HHS and therefore did not comply with the provision of the FTCA.

12  Defendants have attached the declaration of an attorney from HHS.  The declaration states that

13  no administrative claim has been filed with HHS regarding Plaintiff, Dr. Lipumano-Sanchez, or

14  United Health Centers.  See Court's Docket Doc. No. 4-3, Torres Declaration.  Since the

15  evidence shows non-compliance, Defendants argue that the Court lacks jurisdiction.

16

17                                        **LEGAL STANDARDS**

18          *Rule 12(b)(1)*

19          Rule 12(b)(1) of the Federal Rules of Civil Procedure allows for a motion to dismiss

20  based on lack of subject matter jurisdiction.  See Fed. R. Civ. Pro. 12(b)(1).  It is a fundamental

21  precept that federal courts are courts of limited jurisdiction.  Vacek v. UPS, 447 F.3d 1248, 1250

22  (9th Cir. 2006).  Limits upon federal jurisdiction must not be disregarded or evaded.  Owen

23  Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).  "A federal court is presumed to

24  lack jurisdiction in a particular case unless the contrary affirmatively appears."  A-Z Int'l v.

25  Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003).  The plaintiff has the burden to establish that

26  subject matter jurisdiction is proper.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377

27  (1994); Vacek, 447 F.3d at 1250; In re Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001).  A

28  Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the

                                                2

1  complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic

2  evidence.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Savage v. Glendale Union

3  High School Dist. No. 205, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  When a defendant makes a

4  factual challenge "by presenting affidavits or other evidence properly brought before the court,

5  the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its

6  burden of establishing subject matter jurisdiction."  Safe Air For Everyone v. Meyer, 373 F.3d

7  1035, 1039 (9th Cir. 2004); Savage, 343 F.3d at 1039 n.2.

8          *Federal Tort Claims Act*

9          The FTCA "waives the United States's sovereign immunity in a defined category of cases

10  involving negligence committed by federal employees in the course of their employment."

11  Alvarado v. Table Mt. Rancheria, 509 F.3d 1008, 1019 (9th Cir. 2007); Vacek v. United States

12  Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006).  An action against the United States under the

13  FTCA is the exclusive remedy for any claim against a federally funded health center (as defined

14  in 42 U.S.C. § 254b) or any of the officers or employees of such health center when the status of

15  the health center and its employees is certified by the United States.  See 42 U.S.C. §§ 233(c),(g);

16  Wilson v. Big Sandy Health Care, Inc., 576 F.3d 329, 333-34 (6th Cir. 2009); McLaurin v.

17  United States, 392 F.3d 774, 777 (5th Cir. 2004).  The FTCA provides that, "'an action shall not

18  be instituted upon a claim against the United States for money damages' unless the claimant has

19  first exhausted administrative remedies."  28 U.S.C. § 2675(a); Vacek, 447 F.3d at 1250.  That

20  is, a "tort claimant may not commence proceedings in court against the United States without

21  first filing [a] claim with an appropriate federal agency and either receiving a conclusive denial

22  of the claim from the agency or waiting for six months to elapse without a final disposition of the

23  claim being made."  Jerves v. United States, 966 F.2d 517, 519 (9th Cir. 1992).  The claim

24  requirement of 28 U.S.C. § 2675(a) is jurisdictional, strictly adhered to, strictly interpreted, and

25  cannot be waived.  See Vacek, 447 F.3d at 1250; Brady v. United States, 211 F.3d 499, 502 (9th

26  Cir. 2000); Jerves, 966 F.2d at 519.  "The purpose of the FTCA's administrative claim procedure

27  is to encourage administrative settlement of claims against the United States and thereby to

28  prevent an unnecessary burdening of the courts."  Brady, 211 F.3d at 502; Jerves, 966 F.2d at

1   519.  Dismissal of a claim is appropriate when a plaintiff does not exhaust his administrative

2   remedies.  See McNeil v. United States, 508 U.S. 106, 113 (1993); Brady, 211 F.3d at 503;

3   Jerves, 966 F.2d at 521.

4

5                                              **DISCUSSION**

6           The complaint does not indicate that Plaintiff filed a claim with HHS.  More importantly,

7   the evidence presented by Defendants affirmatively shows that HHS has received no such claim.

8   See Court's Docket Doc. No. 4-3, Torres Declaration.  In light of the evidence presented,

9   Plaintiff was required to present his own evidence that would indicate exhaustion of

10  administrative remedies.  See Meyer, 373 F.3d at 1039.  Plaintiff did not do so.  As such, the

11  Court concludes that Plaintiff failed to exhaust his administrative remedies.  Because exhaustion

12  of FTCA administrative remedies is jurisdictional and a requirement that is strictly adhered to,

13  the Court must dismiss this case for lack of subject matter jurisdiction.  See McNeil, 508 U.S. at

14  113; Brady, 211 F.3d at 503; Jerves, 966 F.2d at 521.

15

16          Accordingly, IT IS HEREBY ORDERED that:

17  1.      The October 13, 2009, hearing is VACATED;

18  2.      Defendants' Rule 12(b)(1) to dismiss is GRANTED and this case is DISMISSED for lack

19          of subject matter jurisdiction; and

20  3.      The Clerk is directed to CLOSE this case.

21

22  IT IS SO ORDERED.

23  **Dated:     October 7, 2009**                          **/s/ Anthony W. Ishii**
                                                    CHIEF UNITED STATES DISTRICT JUDGE
24

25

26

27

28